FILED
JAN - 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTHA BENJAMIN<br>1123 Fern Street NW<br>Washington, DC 20012<br>(202) 903-8612<br><br>Plaintiff,<br><br>vs.<br><br>MARGARET SPELLINGS,<br>in her official capacity as<br>Secretary of the United States<br>Department of Education<br><br>400 Maryland Avenue<br>Washington, D.C. 20202<br><br>Defendant. | Case: 1:08-cv-00029<br>Assigned To : Friedman, Paul L.<br>Assign. Date : 1/7/2008<br>Description: Employ. Discrim.<br><br>JURY TRIAL DEMANDED<br><br>*JURY ACTION* |

## COMPLAINT

Plaintiff Martha L. Benjamin ("Ms. Benjamin or "Plaintiff"), by and through herself, for her First Amended Complaint against Defendant Margaret Spellings, Secretary of the United States Department of Education (the "Agency" or "Defendant"), states as follows:

### NATURE OF COMPLAINT

1. Ms. Benjamin brings this action against the Agency under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). Plaintiff seeks redress for Defendant's discriminatory employment practices based on Plaintiff's race and gender, as well

as Defendant's retaliation against Plaintiff based on her protected activity.

2. Ms. Benjamin's Complaint ("Complaint") is based on a continuous and uninterrupted course of discriminatory conduct against her and numerous acts of retaliation for her protected activity through which the Agency selected a Caucasian male with inferior qualifications to position within the Agency for which Ms. Benjamin had applied.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this Complaint and these claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This action is brought pursuant to 42 U.S.C. §§ 2000e-16 and 2000e-3, which, respectively, prohibit discrimination in federal employment on the basis of race or gender and proscribe retaliatory acts for filing discrimination complaints or opposing practices made unlawful under this title.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e5(f)(3).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has exhausted her administrative remedies by filing complaints with the Defendant's Office of Equal Opportunity Programs ("EOP") and/or the Equal Employment Opportunity Commission ("EEOC"), complaining of the unlawful acts alleged herein. More than one hundred and eighty (180) days have passed since the filing of these complaints and Ms. Benjamin has received from the EOP and/or the EEOC on October 8, 2007 a final decision and/or a "right to sue" letter with respect to each claim.

## PARTIES

6. Plaintiff Martha Benjamin, an African-American female, is a resident of the District of Columbia.

7. Defendant Margaret Spellings is Secretary of the United States Department of Education and is named as a defendant in this action in her official capacity as the Secretary of the Agency. The

Agency is headquartered in Washington, D.C. and is an executive agency of the United States of America.

## FACTS

8. Ms. Benjamin was employed in the Agency's Office of Postsecondary Education from 1995 through 1999 and has been employed in the Agency's Federal Student Aid Division from 1999 to the present. She began her career with the Agency at the GS-12 grade level and, after just four years, was promoted to the GS-13 grade level in 1999.

9. In 2004 Ms. Benjamin filed an Equal Employment Opportunity ("EEO") complaint and administrative grievance alleging a number of discriminatory and retaliatory violations including the following: (a) her having been given a performance appraisal that was lower than the performance appraisal that she had received in prior years; (b) her having been denied selection to the position of Management Analyst, GS-0343-14, under Vacancy Announcement No. FSA-2003-0086, which would have been a promotion to a GS-14 grade level position, Management Analyst, despite the fact that she had substantially more job related experience and worked in that position for more than three (3) years; and (c) her having to work in a hostile environment.

10. Between 2004 and 2006, Ms. Benjamin filed a total of two (2) EEO complaints alleging a number of discriminatory and retaliatory violations.

11. On November 3, 2004, Ms. Benjamin requested a hearing before an Administrative Judge of the Equal Employment Opportunity Commission (EEOC).

12. On January 23-26, 2006, the hearing was conducted before an Administrative Judge of the EEOC at the Agency's offices. Immediately following the completion of the hearing, the Agency discriminated against her on the basis of her race or, in the alternative, her race and gender, and once again retaliated against her for her prior protected activity.

13. On April 14, 2006 the EEOC Administrative Judge (AJ) issued decision finding was no

discrimination.

14. On May 3, 2006, the Plaintiff filed an appeal with the EEOC appealing the decision of the AJ.

15. During the course of her employment at the Agency, Ms. Benjamin has received numerous outstanding and excellent performance evaluations in all of her positions. Despite these positive evaluations, Ms. Benjamin has never been promoted to a GS-14 grade level position. During the approximately eight (8) years that Ms. Benjamin has remained at the GS-13 grade level, she has been repeatedly passed over for such opportunities.

16. The Selecting Official (SO), Ms. Cynthia Reynolds, refused to discuss Ms. Benjamin's non-selection to a promotional position, assignments of duties and the elimination of a one year detail to the Office of the Chief Financial Office (OCFO) with Ms. Benjamin.

17. In 2003, FSA reorganized and Cynthia Reynolds (White Female) was assigned the Director of the Operational Performance Analysis/Reporting & Internal Review Group in FSA's Enterprise Performances Services. At that time, Ms. Benjamin was on one-year to the Department's Office of Chief Financial Officer (OCFO) detail.

18. In 2003, Ms. Reynolds terminated Ms. Benjamin's one-year detail and admitted that there was no work immediately available for Ms. Benjamin to perform. Ms. Benjamin returned to the office supervised by Ms. Reynolds and was the only African American professional employee in the office. At the time of the selection action for the Grade 14 position, Ms. Reynolds, SO at issue in this matter; had never selected or promoted a black professional employee during her career. Further, Ms. Benjamin is the only African American ever supervised by Ms. Reynolds.

19. Ms. Benjamin was substantially better qualified than the candidate selected, Anthony Magro ("Mr. Magro"), a white male. Ms. Benjamin's application showed that she had: (a) the specialized qualifications requirements identified on the vacancy announcement and in the position description compared to no equivalent experience on the part of Mr. Magro; (b)

extensive knowledge and "substantially" more job related experience to perform the specific position compared to none on the part of Mr. Magro and (c) Ms. Benjamin had been performing the identical duties specified in the vacancy announcement and position description whereas Mr. Magro had not.

20. At the time of the advertisement of the GS-343-14 Management and Program Analyst position, the agency was subject to a class action systemic relief agreement, Grant et al. v. Riley, with the respect of to the filling of GS-11 through GS-15 positions.

21. The Selecting Official, Cynthia Reynolds, deliberately chose not to ask the selectee, Mr. Magro, the same ten questions asked of the applicants interview and scored their responses based on Ms. Reynolds described as her "subjective" scoring criteria. Prior to interviewing Mr. Magro for the position at issue, Ms. Reynolds participated on a selection panel, which interviewed him for a different position. Ms. Reynolds used Mr. Magro's responses to interview questions for that position as his responses to her interview questions for the position at issue (Questions 2, 3,4,5, 6) because she didn't think that it was "fair" to ask him the same questions. Thereby precluding Ms. Benjamin, a superior candidate, in Ms. Reynolds apparent efforts to ensure that Mr. Magro would have this promotional opportunity by rating the selectee favorably to fill the position.

22. Ms. Benjamin was substantially better qualified than the selected candidate, Anthony Magro, a white male, who had no prior experience of the position and skills and qualification requirements outlined for the Management and Program Analyst position. Ms. Benjamin had at that time already completed three (3) years of specialized experience of the qualification requirements at the GS-13 grade level. Moreover, Mr. Magro was the same person who had received preferential treatment over Ms. Benjamin in being promoted to the GS-14 position at issue.

23. The SO, Ms. Reynolds failed to articulate a legitimate non-discriminatory reason for Plaintiff's

non-selection when she could not describe the guidelines used in the selection process or the evaluation criteria used during the interviews or the reasons that the Plaintiff and selectee, Anthony Magro were assigned certain ratings.

24. The SO, Ms. Reynolds also could not articulate specific reasons for the scores she assigned to the Plaintiff's and the selectee responses to her interview questions nor how she determined that the selectee was more qualified than the Plaintiff. When asked what kind of communications experience did Anthony Magro have? Ms. Reynolds response "I'm trying to think...I'm sure there are others, I just can't recall;" Ms. Reynolds... for what reasons did you not select Ms. Benjamin? Answer " I can't think;" Ms. Reynolds, is it your testimony that as of this moment, you don't know how you arrived at scoring (the Plaintiff) a seven on question four.... I don't recall, no."

25. Ms. Benjamin's application showed that she had achieved superior credentials, had completed superior training, and had broader experience than Mr. Magro. Moreover, Ms. Reynolds qualification factors questions for selectee were purposefully omitted to enhance Mr. Magro's qualifications for the particular position at issue. Under this advertisement, Mr. Margo was not rated as the best-qualified candidate.

26. Plaintiff has sustained damages as a result of the alleged unlawful conduct consisting of lost/future wages and benefits, pain and suffering, emotional distress, and mental anguish.

## COUNT I

### DENIAL OF PROMOTION BASED ON RACE AND COLOR

1. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

2. Defendant has intentionally discriminated against Plaintiff in violation of Title VII by denying

her a promotion on the basis of her race or, in the alternative, her race and color, to the position of GS-14 Management.

## COUNT II

### DENIAL OF PROMOTION BASED ON GENDER

3. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

4. Defendant has intentionally discriminated against Plaintiff in violation of Title VII by denying her a promotion on the basis of gender, to the position of GS-14 Management.

## COUNT III

### RETALIATION

1. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

2. Plaintiff has engaged in activity protected under Title VII by filing numerous administrative grievances and EEO claims against the Agency.

3. In denying Plaintiff promotion to the position of GS-14 Management Analyst, Defendant has intentionally retaliated against Plaintiff for her protected activity. As a result of this retaliation, Plaintiff has suffered not only the denial of a deserved promotion but also significant economic harm, for all of which she should be compensated.

## COUNT IV

### RETALIATION

1. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

2. Plaintiff has engaged in activity protected under Title VII by filing numerous administrative grievances and EEO claims against the Agency and by filing a Lawsuit against the Agency.

3. In denying Plaintiff promotion to the position of GS-14 Management Analyst within the Agency's Enterprise Performance Management Services Division. Defendant has intentionally retaliated against Plaintiff for her protected activity. As a result of this retaliation, Plaintiff has suffered not only the denial of a deserved promotion but also significant economic harm, for all of which she should be compensated.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment and damages against the Agency as follows:

A. A declaratory judgment that the acts and practices complained of herein are in violation of Title VII;

B. An injunction directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment and advancement opportunities;

C. An award to Plaintiff for all earning and other job benefits she would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, lost wages, pension, bonuses and other benefits, plus pre-judgment and post-judgment interest;

D. An injunction ordering the Agency to reinstate Plaintiff to a position Plaintiff would have attained but for Defendant's discriminatory and retaliatory treatment or, in the alternative, front pay;

 E. An award to Plaintiff for compensatory damages in an amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish; impairment of the quality of life; and consequential losses;

 F. An award to Plaintiff for attorneys' fees and costs of suit; and

 G. An award of such other relief as the Court may deem necessary and proper.

## DEMAND FOR TRIAL BY JURY

 Plaintiff demands a trial by jury on all claims.

Dated: January 4, 2008      Respectfully submitted,

             */s/ Martha Benjamin*
             Martha Benjamin


Martha Benjamin
1123 Fern Street NW
Washington, D.C. 20012
(202) 882-1418

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Martha Benjamin,
Complainant,

v.

Margaret Spellings,
Secretary,
Department of Education,
Agency.

Appeal No. 0120063777[1]

Agency No. ED-204-20-00

Hearing No. 100-2005-00238X

DECISION

Complainant filed an appeal with this Commission from the May 3, 2006 agency decision which implemented the April 14, 2006 decision of an EEOC Administrative Judge (AJ) finding no discrimination.

Complainant alleged that the agency discriminated against her on the bases of race (African-American), sex (female), color (black), and in reprisal for prior protected EEO by subjecting her to harassment when:

1. On January 16, 2004, complainant was not selected for the position of Management Analyst, GS-0343-14 under Vacancy Announcement No. FSA-2003-0086.

2. On February 4, 2004, complainant was denied the opportunity to meet with her Manager and a selected representative to discuss: (a) her nonselection to a promotional position; (b) assignment of duties; and (c) elimination of a detail to the Office of the Chief Financial Officer (OCFC).

---

[1] Due to a new data system, this appeal has been re-designated with the above-referenced appeal number.

2                                                               0120063777

3.  Complainant received a satisfactory evaluation for the rating period of May 1, 2003 to April 30, 2004.

After completion and receipt of the report of investigation, complainant requested a hearing. A four-day hearing was held before the AJ.

Complainant and eight other internal applicants applied for and were found qualified for the agency position of Management Analyst, GS-0343-14, under Vacancy Announcement No. FSA-2003-0086 and were referred for selection on the agency's certificates of eligibles (COE). Four of the referred candidates were Caucasians and five were African-Americans. After interviewing the candidates on the COE, the Selecting Official (SO) identified complainant and two male Caucasians as the top three candidates, with the two male Caucasians as her top two choices based on their interviews.[2] Complainant received a score of 100 on the automated application system and the selectee, a male Caucasian, had a score of 95.31 and ranked fourth. Two other applicants received scores higher than the selectee. The two were Black females with scores of 97.38 and 98.31. Before making a selection, the SO spoke to the selectee's supervisor and one of complainant's former supervisors. The record reveals that the SO did not contact complainant's prior supervisors either in OCFO or the Acting Director of the Internal Revenue Division who had supervised complainant on her detail.

Applications for the vacant position were processed initially through the agency's automated personnel system and computer software, EDHIRES. Applicants for an advertised position submitted their credentials electronically and, through answers submitted by the applicants to established computerized questions, applicants were scored against criteria chosen by the agency. Thereafter, an agency Personnel Specialist conducted a review of each applicant's submissions to verify that the applicant's application materials reflected the applicant's score and position criteria. For the vacancy in question, agency personnel specialists did not rate or assign numeric values to any application or candidate submissions.

Complainant scored "100" on EDHIRES for the position of Management Analyst, GS-0343-14. The EDHIRES numeric scores of eligible candidates were not presented or communicated to the selecting official and eligible candidates were identified by name only and in alphabetical order.

Regarding complainant's evaluation, the record reveals that complainant served in a detail assignment to the agency's Office of Chief Financial Officer (OCFO). Complainant's detail was terminated in September 2003, by the SO whose supervision she came under after her detail ended. Complainant's performance was rated by her supervisor in OCFO for the period of her detail. She also received a rating from the SO for the remainder of the evaluation period when she was supervised by the SO.

---

[2] The record reveals that the SO was complainant's supervisor for about three months at the time of the interview.

3                                                                    0120063777

In finding no discrimination, the AJ assumed, without deciding, that complainant had established a *prima facie* case and found that complainant failed to present evidence that, more likely than not, the agency's articulated reasons for its actions were a pretext for discrimination. In reaching that conclusion, the AJ noted that complainant's mere contentions that management was biased against her protected classes were not sufficient to establish that the agency's reasons for its actions were pretextual.

Regarding the nonselection, the AJ found that complainant and the selectee were both qualified for the position, both were referred to the SO, and both were interviewed. The AJ noted that the SO did not ask the selectee certain questions because the selectee had answered the unasked questions the preceding day when he was interviewed for another position by a panel on which the SO was a member. The AJ noted that the SO testified that the selectee was not as strong as complainant in the audit process, but, the selectee had skill sets different from complainant that SO believed could better fulfill the functions of the position. The AJ noted further that the selectee had been part of the agency's in-house consultant group, which entailed successful demonstration of the skills contained in the Vacancy Announcement.

The AJ also noted the testimony of complainant's expert witness in personnel, staffing and classification which the AJ did not find persuasive. The AJ also found that complainant had not shown that her qualifications were plainly superior to that of the selectee.

The AJ noted that reference was made periodically during the proceedings to a class action systemic relief agreement in *Grant, et al. v. Secretary, U.S. Department of Education*, with the assertion that the protocol required by that agreement was not followed. The AJ found there was no competent evidence sufficient to demonstrate that the parameters of the agreement in *Grant* were not met by the agency regarding the selection at issue and that the requirements contained in the agreement were followed by the agency.

Regarding issue 2, the AJ noted that complainant indicated to the agency's General Manager of Enterprise Performance Management Services (GM), that she intended to bring someone who was not an agency employee, her attorney or a union representative to her meeting with him. The AJ also noted that the GM testified that because the meeting concerned agency business, complainant's employment, and workplace issues, participation by the person whom complainant intended to accompany her was inappropriate. The AJ concluded that it was within the agency's rights to restrict access to agency meetings where agency business or personnel matters were being discussed to exclude those without standing to participate. The AJ concluded further that there was insufficient competent evidence from which he could infer that the agency's cancellation of the meeting was pretextual and based on discriminatory animus.

Regarding issue 3, the AJ noted that complainant had worked part of the evaluation period in the detail assignment in OCFO and that the SO sought and received input from OCFO. The

4                                                                                          0120063777

AJ found that complainant's rating under OCFO was highly successful. The AJ noted that the SO developed complainant's rating for the second half of the evaluation period based upon the work she performed in the SO's group, including liaison and customer service duties and responsibilities, and based on her performance in the SO's group, complainant was rated as "minimally successful." The AJ further found that the SO then gave complainant the rating of successful based on the two evaluations of highly successful and minimally successful. The AJ determined that complainant had failed to show that the rating that she received was a result of discriminatory animus.

Regarding complainant's overall claim of harassment, the AJ determined that complainant had not demonstrated that her workplace was permeated with discriminatory behavior which was sufficiently severe or pervasive so as to create a discriminatorily hostile work environment.

Pursuant to 29 C.F.R. § 1614.405(a), all post-hearing factual findings by an AJ will be upheld if supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 477 (1951) (citation omitted). A finding regarding whether or not discriminatory intent existed is a factual finding. See *Pullman-Standard Co. v. Swint*, 456 U.S. 273, 293 (1982). An AJ's conclusions of law are subject to a *de novo* standard of review, whether or not a hearing was held.

A claim of disparate treatment is examined under the three-part analysis first enunciated in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). For a complainant to prevail, the complainant must first establish a *prima facie* case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, *i.e.*, that a prohibited consideration was a factor in the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802; *Furnco Construction Corp. v. Waters*, 438 U.S. 567 (1978). The burden then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its actions. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Once the agency has met its burden, the complainant bears the ultimate responsibility to persuade the fact finder by a preponderance of the evidence that the agency acted on the basis of a prohibited reason. See *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993).

In establishing pretext, complainant may show directly that a discriminatory reason more likely motivated the agency or indirectly, by showing that the agency's proferred explanation is unworthy of credence. Although the burden of production, in other words, "going forward," may shift, the burden of persuasion, by a preponderance of the evidence, remains at all times on complainant. *Burdine*, 450 U.S. at 256. In a nonselection case, pretext may be found where the complainant's qualifications are plainly superior to the qualifications of the selectee. See *Bauer v. Bailar*, 647 F.2d 1037, 1048 (10th Cir. 1981); *Wasser v. Department of Labor*, EEOC Request No. 05940058 (November 2, 1995).

As an initial matter, the Commission notes that on appeal, complainant stated that she was not pursuing her claims of a hostile work environment regarding her supervisor's refusal to meet with her to discuss her nonselection, assignment of duties and the denial of a detail. Accordingly, the Commission will address claims 1 and 3 only.

The Commission finds that the AJ's decision finding no discrimination is based upon substantial evidence in the record. Regarding complainant's nonselection, there is conflicting testimony as to whether complainant was more qualified than the selectee. Although complainant's expert witness testified that complainant's qualifications were superior to the qualifications of the selectee, an opinion shared by complainant's former supervisor, and although complainant scored 100 on the EDHIRES examination and the selectee scored less, the testimony reflects that complainant's expert witness also opined that of the SO's top three choices (which included complainant, the selectee, and another Caucasian male), the other Caucasian male in the top three was also a better choice than the selectee. In addition, both the selectee and complainant were found qualified by someone other than the SO, the alleged discriminating official. One of the reasons that the SO testified that she did not select complainant was on the basis of her communication skills. The SO's testimony about complainant's communication skills is in conflict with witnesses who testified that complainant was a good communicator.

The preponderance of evidence does not establish that more likely than not the SO did not select complainant or evaluated complainant at the successful level for prohibited reasons. What the record suggests is that the SO may not have appreciated and may have been intimidated by complainant's style of communication and it was complainant's style rather than prohibited factors that caused the SO not to select complainant and which contributed to her evaluation of complainant. Even if we assume that the SO was lying about her reasons for the selection and about the evaluation she gave to complainant, complainant must link the lie or its creation to prohibited discrimination and she has not done so. Moreover, the question is not whether the agency made the best or even a sound business decision. We have held that it is not our function to substitute our judgment for that of selecting officials familiar with the present and future needs of their facility and therefore in a better position to judge the respective merits of each candidate, unless other facts suggest that proscribed considerations entered into the decision-making process. *See Shapiro v. Social Security Administration*, EEOC Request No. 05960403 (December 6, 1996)(citing *Bauer v. Bailar*, 647 F. 2d 1037, 1048 (10th Cir. 1981)). The Commission has also recognized that the agency has broad discretion to set policies and carry out personnel decisions, and should not be second-guessed by the reviewing authority absent evidence of unlawful motivation. *See Burdine*, 450 U.S. at 259; *Vanek v. Department of the Treasury*, EEOC Request No. 05940906 (January 16, 1997). The ultimate burden of persuading the trier of fact that the agency intentionally discriminated against complainant remains at all times with complainant. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000). Accordingly, complainant's claims fail.

The agency's finding of no discrimination is AFFIRMED.

6                                                                0120063777

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

7                                                                                          0120063777

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*
_____
Carlton M. Hadden, Director
Office of Federal Operations

OCT 4 2007
_____
Date

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

H
07-29
PLF

## I (a) PLAINTIFFS
Martha Benjamin

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Margaret Spellings

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
1123 Fern St NW   202.882.1418
Washington DC 20012

Case: 1:08-cv-00029
Assigned To : Friedman, Paul L.
Assign. Date : 1/7/2008
Description: Employ. Discrim.

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

☒ **ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 2000 - Job discrimination

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $**   Check YES only if demanded in complaint  **JURY DEMAND**: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES ☒ NO   If yes, please complete related case form.

DATE 1-7-08   SIGNATURE OF ATTORNEY OF RECORD  *Marhha Benyamin*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd